866 So.2d 752 (2004)
A.D., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1372.
District Court of Appeal of Florida, Second District.
February 18, 2004.
*753 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
A.D. challenges the trial court order adjudicating her delinquent based on a charge of felony criminal mischief. We agree with A.D. that the State failed to prove that the amount of damage exceeded the $1000 statutory threshold required to support a felony criminal mischief charge. Accordingly, we reverse the order adjudicating A.D. delinquent for committing felony criminal mischief and remand to the trial court with directions to amend the adjudication of delinquency to reflect the fact that it is based on a finding that A.D. committed the delinquent act of misdemeanor criminal mischief, not felony criminal mischief.
Pursuant to section 806.13(1)(b)(2), Florida Statutes (2002), if the damage resulting from criminal mischief is greater than $200 but less than $1000, the offense is a first-degree misdemeanor. However, if the damage exceeds $1000, it is a third-degree felony. § 806.13(1)(b)(3). The delinquency petition here alleged that A.D. committed felony criminal mischief by damaging the vacant rental home owned by Mr. and Mrs. Swaan.
Although Mr. and Mrs. Swaan both testified that the damages to their rental home approximated $1200, the only evidence of actual damages consisted of $18 to replace a broken lock, an estimated $150 to replace a bathroom vanity, an estimated $125 to replace the bathroom sink top, and an estimated $50$60 charge for labor to repair the bathroom. They also testified that the electric bill was $140 when it should have been $25, which would amount to an additional $115 charge. However, the record is not at all clear that the additional $115 was not due to the prior tenants, who had moved out of the home approximately three weeks before this incident occurred. Additionally, although the victims testified regarding additional damages incurred at the rental home, they had not repaired or replaced the damaged items and had not obtained estimates to do so. At the conclusion of the testimony at the disposition hearing, defense counsel objected that the State had not proven value. The trial court concluded, however, after viewing photographs of the damages, that the State had presented a prima facie case.
Although it is permissible, pursuant to Clark v. State, 746 So.2d 1237 (Fla. 1st DCA 1999), for the trial court to conclude that certain repairs are so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met, we do not *754 believe that is the case here. While the photographs introduced by the State do show that the home was damaged in the ways testified to by the Swaans, the photographs do not demonstrate, even when considered along with the victims' testimony regarding specific damage amounts, that the $1000 damage threshold had been met.
While we conclude that the State sufficiently proved that A.D. committed misdemeanor criminal mischief given her admission to the officer that she had been inside the house partying and did not know where to extinguish her cigarettes, we do not believe that the $1000 damage threshold was established. We therefore vacate the finding of delinquency based on the felony criminal mischief charge and direct the trial court to instead base its finding of delinquency on a charge of misdemeanor criminal mischief.
Reversed and remanded with directions.
SILBERMAN and WALLACE, JJ., Concur.